# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ROSEMARIE POROD and ) 
WAYNE POROD, )
 )
       Plaintiffs, )
 )     18 C 1591
      v. )
 )     Judge Charles P. Kocoras
TOWN OF CICERO, )
 )
      Defendant. )

## ORDER

Before the Court is Defendant Town of Cicero's (the "Town") motion to dismiss Plaintiffs Rosemarie Porod ("Rosemarie") and Wayne Porod's ("Wayne") (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the Town's motion.

## STATEMENT

The following facts are taken from the Plaintiffs' Complaint and are assumed to be true for purposes of this motion. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). The Court draws all reasonable inferences in favor of Plaintiffs. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Husband and wife Wayne and Rosemarie Porod, both over the age of 60, are former employees of the Town of Cicero. Rosemarie was the Director of the Cicero

Community Center and Wayne was the Executive Director of the Cicero Youth Commission.

The Complaint largely stems from disputes between the Plaintiffs, particularly Rosemarie, and the Town Municipal Complex Director, Ron Konopasek ("Konopasek"). In May 2016, Konopasek offered to provide staff to Rosemarie for an upcoming event but later retracted on one week's notice "with no reason given."

On January 23, 2017, Rosemarie emailed Town officials, voicing her concerns that Konopasek was possibly misappropriating Town funds. Wayne allegedly "joined, supported and confirmed" Rosemarie's charges. Rosemarie received no response from the Town officials but later learned that an independent investigation of her claims would be conducted by the Town's legal counsel.

Rosemarie and Wayne were interviewed about the allegations on February 16, 2017, but they never learned of the investigation's conclusions. Plaintiffs claim that they were subsequently "subjected to continuous retaliation by [Konopasek] and other senior staff." Rosemarie allegedly complained about the differential treatment of her versus the "similarly situated male Town Municipal Complex Director [Konopasek], who was treated more favorably including no disciplinary action." Plaintiffs also assert that Wayne "was physically and verbally assaulted" during a meeting with the Town President.

On May 12, 2017, the Town sponsored a community event at which, Plaintiffs allege, Konopasek "put 410 paid guests at a potential health and safety risk." They

explain that maintenance allegedly moved an industrial-sized refrigeration in the kitchen, blocking the sink and countertop. This blocked access to running water, which is a code violation. Both Rosemarie and Wayne reported this issue to the Health Department. Plaintiffs allege that the Health Department "expressed immediate concern," but Konopasek did not face any discipline. That same night, Rosemarie learned that Konopasek allegedly "retaliated against her" by changing the locks to the building, barring Rosemarie access to her office. Rosemarie states that she complained "to no avail."

On May 23, 2017, Rosemarie was demoted from Director of Cicero Community Center to a clerk position. She alleges that no similar action or disciplinary action was taken against Konopasek despite her complaints. Rosemarie states that her duties were "assumed by much younger, less experienced employees." In addition, Wayne was allegedly subjected to "public ridicule and harassment in retaliation for supporting and joining in the discriminatory complaints made by Rosemarie." Plaintiffs believed they were "constructively discharged" due to their demotions and resigned their positions.

On or about October 6, 2017, both Rosemarie and Wayne filed Charges of Discrimination against the Town with the Equal Employment Opportunity Commission ("EEOC"). They both received right to sue letters from the EEOC and promptly filed the instant lawsuit.

Plaintiffs filed their Complaint on March 2, 2018. Counts I and II, brought by Rosemarie, allege sex discrimination and age discrimination under Title VII of the Civil

Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), respectively. Count III, brought by Rosemarie, and Count IV, brought by Wayne, allege retaliation discrimination. The Town seeks dismissal of all four counts.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

The Town moves to dismiss the Plaintiffs' Complaint in its entirety, arguing that (1) Rosemarie failed to sufficiently plead a claim of age or sex discrimination, and

(2) Plaintiffs failed to allege that they engaged in any protected activity in their retaliation claims.

In response, Plaintiffs merely regurgitate numerous paragraphs from their Complaint without any substantive legal analysis or argument to guide the Court's decision. It is the litigants' responsibility to equip the Court with the relevant case law and arguments for their desired resolution. It is well-settled that "a person waives an argument by failing to make it before the district court." *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). This rule applies where "a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Id*. Plaintiffs erred by refusing to competently respond to the Town's arguments. The Court cannot place itself in Plaintiffs' shoes and consider arguments they would have or should have made in response. *See id*. ("If [courts] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."). We therefore analyze the Town's motion to dismiss against the scant information brought forth by the Plaintiffs.

The Town first argues that Plaintiffs did not plead a claim for age or sex discrimination. Employment discrimination claims must adhere to a minimal pleading standard. *See Tamayo*, 526 F.3d at 1084; *Concentra*, 496 F.3d at 781–82. A complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" a protected

characteristic.  *Tamayo*, 526 F.3d at 1084.  While a plaintiff alleging such a claim may allege the claims "quite generally," the "complaint must contain something more than a general recitation of the elements of the claim."  *Id*.

In the Complaint, Rosemarie claims that the Town "subjected [her] to sexual discrimination in treating her less favorably than similarly situated male Town Municipal Complex Director employee(s)."  She further alleges that the Town "discriminated against [her] based upon her age."

The Town relies on *Tamayo v. Blagojevich* to demonstrate the deficiencies in Rosemarie's claims.  526 F.3d 1074 (7th Cir. 2008).  In *Tamayo*, the female plaintiff alleged facts regarding her promised and actual salary, as well as the salaries of other similarly situated male employees.  *Id*. at 1085.  She stated her belief that she was paid less than the similarly situated male employees both because she was a woman and because she was not cooperating.  *Id*.  She further alleged that the defendants treated her differently than similarly situated male employees and exhibited discriminatory treatment against her on account of her gender.  *Id*.  The court found that the plaintiff sufficiently pleaded a sex discrimination claim based on these facts.

Rosemarie's claims pale in comparison to the plaintiff's in *Tamayo*.  She provides no factual support for her allegation that she was treated unfairly compared to the "similarly situated male Town Municipal Complex Director, who was treated more favorably including no disciplinary action."  The fact that Konopasek did not face discipline for his alleged wrongdoings does not plausibly suggest that his gender (or

Rosemarie's opposite gender, for that matter) was a determining factor. As for her age discrimination claims, all Rosemarie states is her age and the fact that her duties were assumed by "much younger, less experienced employees." Most significantly, Rosemarie does not allege that she faced a specified adverse employment action because of her gender or age. She states that she was demoted, but never asserts that her demotion was based on her gender or age. Nor do the facts alleged support such an inference.

Rosemarie fails to sufficiently plead a Title VII action. The Town correctly notes that Rosemarie appears to largely utilize boilerplate language and allege vague, conclusory statements when it comes to the alleged age and sex discrimination claims. Moreover, Plaintiffs neglected to address any of the Town's arguments in their Response. Rosemarie's gripe seems to be that Konopasek was never disciplined, and she attributes that to his gender. She additionally claims age discrimination because she was replaced by much younger employees. Rosemarie's allegations are far too speculative and fail to satisfy even the minimal pleading standards prescribed to employment discrimination claims. The Court therefore dismisses Counts I and II for failing to sufficiently plead age or sex discrimination claims.

Counts III and IV of Plaintiffs' Complaint allege retaliation discrimination claims for Rosemarie and Wayne, respectively. It is unlawful for an employer to discriminate against its employees for opposing any practice made unlawful by Title VII or the ADEA. *See Alexander v. Biomerieux*, 485 F. Supp. 2d 924, 933 (N.D. Ill.

2007) (citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662–63 (7th Cir. 2006)). To successfully allege a retaliation claim, Plaintiffs must have engaged in statutorily protected activity, *e.g.*, "opposing or complaining about discrimination by the employer based on race, color, religion, gender, national origin, age, or disability." *See Small v. WW Lodging, Inc.*, 106 Fed. Appx. 505, 508 (7th Cir. 2004).

Plaintiffs' allegations do not involve any protected activity. Plaintiffs allege that they faced retaliation after Rosemarie raised concerns that Konopasek may have been misappropriating funds. They allegedly faced further retaliation after they complained of the health code violations during the community event in May 2017. Neither of these complaints constitute protected activity.

The closest Plaintiffs got to alleging protected activity is: "Rosemarie complained about the different treatment of her versus the similarly situated male Town Municipal Complex Director, who was treated more favorably including no disciplinary action." This allegation, however, is insufficient to plead a retaliation claim because it fails to specify the discriminatory practice or conduct that was the subject of Rosemarie's complaint. Nor do the vague assertions that Plaintiffs "sought information and raised questions about possible discriminatory practices" support a retaliation claim. *See Tamayo*, 526 F.3d at 1084 ("[A] general allegation of retaliation for reporting some unspecified act of discrimination [does] not provide the necessary notice to the defendant so that it could begin investigating and defending against the claim.") (citing *Concentra*, 496 F.3d at 781). Absent an allegation that Plaintiffs engaged in

statutorily protected activity, they have not sufficiently alleged a retaliation claim.  The

Court accordingly dismisses Counts III and IV.

## CONCLUSION

For the aforementioned reasons, the Court grants the Town's motion to dismiss.


Dated: 2/13/2019

_____
Charles P. Kocoras
United States District Judge